# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

SHEET METAL WORKERS LOCAL
UNION 24 JOINT APPRENTICESHIP
AND TRAINING COMMITTEE, et al.,

    Plaintiffs,

    v.                                 Civil Action 2:15-cv-2083
                                  Judge James L. Graham
                                  Magistrate Judge Elizabeth P. Deavers

R&C CONSTRUCTION SERVICES CO.
LLC,

    Defendant.

## REPORT AND RECOMMENDATION

On August 21, 2015, the Clerk entered Default against Defendant. (ECF No. 6.)  On September 22, 2015, the Court directed Plaintiffs to file a status report within fourteen days if they had not filed a motion for default judgment. (ECF No. 7.)  Plaintiffs failed to comply with the Court's Order.  Consequently, on October 16, 2015, this Court issued an Order directing Plaintiffs within fourteen days to apply for default judgment or show cause why the case should not be dismissed for want of prosecution.  (ECF No. 8.)  To date, Plaintiffs have failed to apply for default judgment and failed to comply with the Court's Show Cause Order.  This matter is, therefore, before the Court for consideration of Plaintiffs' failure to comply with two of this Court's Orders and failure to prosecute.  For the reasons set forth below, it is **RECOMMENDED** that this action be **DISMISSED** for failure to prosecute.

The Court's inherent authority to dismiss a plaintiff's action or particular claims within an action with prejudice because of its failure to prosecute is expressly recognized in Federal Rule of Civil Procedure 41(b), which provides in pertinent part: "If the plaintiff fails to prosecute or comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits." Fed. R. Civ. P. 41(b); *Link v. Walbash R. Co.*, 370 U.S. 626, 629–31 (1962).   "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties."  *Knoll v. AT & T*, 176 F.3d 359, 63 (6th Cir. 1999).  "Rule 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal." *Steward v. City of Jackson*, 8 F. App'x 294, 296 (6th Cir. 2001) (citing *Link*, 370 U.S. 626 at 630).

To date, Plaintiffs have failed to respond to the Court's October 16, 2015 Order.  The Order cautioned Plaintiffs that failure to comply would result in dismissal for want of prosecution of their claims against Defendant.  *See Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998) (noting that "[p]rior notice, or lack thereof, is . . . a key consideration" in whether dismissal under Rule 41(b) is appropriate); *see also Steward*, 8 F. App'x at 296.

It is therefore **RECOMMENDED** that the Court **DISMISS** Plaintiffs' claims against Defendants **WITH PREJUDICE** under Rule 41(b).

### PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in

question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**IT IS SO ORDERED**.


Date: November 9, 2015                                    /s/ *Elizabeth A. Preston Deavers*
                                                                          ELIZABETH A. PRESTON DEAVERS
                                                                          UNITED STATES MAGISTRATE JUDGE